# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2013

Lyle W. Cayce
Clerk

No. 13-30022
Summary Calendar

DONALD RAY JOHNSON, JR.,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-92

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donald Ray Johnson, Jr., Louisiana prisoner # 543914, filed the instant 28 U.S.C. § 2254 petition challenging his guilty pleas to first degree murder, unauthorized use of a motor vehicle, and unauthorized use of an access card, for which he received a life sentence plus 12 years. By pleading guilty, Johnson avoided a possible capital conviction. The district court granted him a certificate of appealability on the issues whether he received ineffective assistance of trial counsel when counsel (1) failed to investigate the viability of an insanity defense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by terminating the efforts being made by the Department of Veterans Affairs to secure Johnson a mental evaluation to determine whether he suffered from Post Traumatic Stress Disorder or a Traumatic Brain Injury and (2) failed to investigate whether he had the mental competency to proceed to trial.

On habeas review, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005). Where the petitioner's claim has been adjudicated on the merits by the state court, the federal court's review of the state court's decision is deferential. *Id.*; *see* § 2254(d). Pursuant to the Antiterrorism and Effective Death Penalty Act, federal habeas relief cannot be granted on claims adjudicated on the merits in state court unless the state court's decision was (1) "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'"; or was (2) "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Thaler,* 714 F.3d 897, 901 (5th Cir. 2013) (quoting § 2254(d)). To meet the § 2254(d) criteria, a habeas petitioner "must show that the state court's ruling on his claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks and citation omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. "[T]he two-part [*Strickland*] test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012) (internal quotation marks and citation omitted). To satisfy the prejudice requirement in the context of a guilty plea, the petitioner must show

but for counsel's pretrial errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Johnson's argument is premised on facts which show that on or about the date he accepted the State's plea offer, his counsel received notification that the Department of Veteran Affairs was in the process of securing him a medical evaluation. Johnson contends that had he known that the process of determining whether he suffered from PTSD or a TBI had commenced, he would not have accepted the State's offer and would have insisted on going to trial.

There is no evidence in the record that counsel was on notice that Johnson suffered from a physical or psychological condition that would have made the insanity defense viable. A defendant who raises the insanity defense "must persuade the jury that he had a mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct which forms the basis for the criminal charge against him." *State v. Allen*, No. 2011 CA 1995, 2012 WL 2061472, *6 (La. Ct. App. 2012). Johnson's confession overwhelmingly establishes that he was not incapable of distinguishing right from wrong with regard to this murder. His decision to position the body so that it would not be seen, his discarding of evidence, and, inter alia, his lying to family as to his whereabouts on the night of the murder all point to a conclusion of sanity. *See State v. Foster*, 647 So. 2d 1224, 1230-31 (La. Ct. App. 1994). As such, he has failed to show that an investigation by counsel into the mere possibility that he suffered from PTSD or TBI would have caused him to forgo the plea offer and insist upon a capital trial. Consequently, he has not shown the state court's application of *Strickland* to be unreasonable in this regard. *See Miller,* 714 F.3d at 901.

With regard to counsel's failure to investigate his mental competency to stand trial, Johnson speculates that such an investigation *could* have established that he suffered from PTSD or a TBI that affected his ability to understand the proceedings or appreciate their significance or to aid his counsel

in his defense. *See Roberts v. Dretke*, 381 F.3d 491, 497 (5th Cir. 2004). However, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Johnson has not met that burden. His contention that the dearth of necessary evidence is owing to counsel's failure to investigate is unavailing because *Strickland* places the burden on Johnson to come forward with evidence of counsel's deficient performance and prejudice. 466 U.S. at 689-94. Additionally, while the state habeas court's opinion that Johnson appeared competent during the proceedings may not be legally determinative of the issue, it nevertheless suggests that counsel similarly did not have reason to doubt his competency to stand trial and therefore was under no obligation to investigate the issue further. As Johnson has neither alleged nor established what an investigation would have yielded, he cannot show that but for the failure to investigate, he would have proceeded to a capital trial. *See Hill,* 474 U.S. at 59. In light of the preceding, Johnson has not shown the state court's decision to be contrary to, or involving an unreasonable application of *Strickland,* or that it involved an unreasonable determination of the facts in light of the state court evidence. *See Miller,* 714 F.3d at 901.

AFFIRMED.